IN THE UNITED STATES DISTRICT COURT for the
EASTERN DISTRICT of PENNSYLVANIA

| | |
|---|---|
| BUCKEYE PENNSAUKEN TERMINAL LLC : | |
| *Plaintiff* : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 14-4625-ER |
| DOMINIQUE TRADING CORP. : | |
| and : | |
| PLEIADES SHIPPING AGENTS SA : | |
| and : | |
| M/V VOIDOMATIS : | |
| *Defendants* : | |

## RENEWED MOTION TO INTERVENE OF CERTAIN UNDERWRITERS, WESTPORT INSURANCE COMPANY, LEAD UNDERWRITER

Certain Underwriters, Westport Insurance Company, lead underwriter, hereby renew their Motion to Intervene as plaintiffs in this action pursuant to F.R.C.P. 24. Certain Underwriters will rely upon the attached Memorandum of Law in support of their Motion.

Dugan, Brinkmann, Maginnis and Pace

By: _____
Samuel J. Pace, Jr., Esquire
Attorney for Intervenors

IN THE UNITED STATES DISTRICT COURT for the
EASTERN DISTRICT of PENNSYLVANIA

| | |
|---|---|
| BUCKEYE PENNSAUKEN TERMINAL LLC<br>*Plaintiff* | : <br> : <br> : CIVIL ACTION |
| v. | : <br> : NO. 14-4625-ER |
| DOMINIQUE TRADING CORP.<br>and<br>PLEIADES SHIPPING AGENTS SA<br>and<br>M/V VOIDOMATIS<br>*Defendants* | : <br> : <br> : <br> : <br> : <br> : |

### ORDER

And now, this _____ day of _____ 2015, upon consideration of the Renewed Motion to Intervene of Certain Underwriters, Westport Insurance Company, Lead Underwriter, it is hereby ORDERED and DECREED that the Motion is GRANTED. Intervenors shall file their complaint within ten (10) days of the date of this Order.

BY THE COURT:

_____,J.
EDUARDO C. ROBRENO, J.

IN THE UNITED STATES DISTRICT COURT for the
EASTERN DISTRICT of PENNSYLVANIA

BUCKEYE PENNSAUKEN TERMINAL LLC : 
    *Plaintiff* :
: CIVIL ACTION
v. :
: NO. 14-4625-ER
DOMINIQUE TRADING CORP. :
   and :
PLEIADES SHIPPING AGENTS SA :
   and :
M/V VOIDOMATIS :
    *Defendants* :

**MEMORANDUM OF LAW IN SUPPORT OF THE
RENEWED MOTION TO INTERVENE OF CERTAIN UNDERWRITERS,
WESTPORT INSURANCE COMPANY, LEAD UNDERWRITER**

**I.   The Facts Relating to the Claim**

This action was commenced on August 6, 2014, one day after the M/V VOIDOMATIS allided with a dock at the Pennsauken marine terminal owned by Plaintiff, Buckeye Pennsauken Terminal, LLC ("Buckeye"). At the time of the allision, Buckeye was insured for business interruption/loss of business income by the Underwriters who seek to intervene.[1] In March 2015, Certain Underwriters moved to intervene in the action on the basis that plaintiff had made a claim under the policy, although at that time, no payment had been made. By order dated June 16, 2015, this Court denied Certain Underwriters Motion without prejudice and ordered that the action be stayed until September 14, 2015, or until such time as the Underwriters filed a renewed motion indicating that the insurance claim had been resolved. The period for stay is due to elapse on September 14, 2015, and Underwriters have made a substantial payment to plaintiff,

---

[1] The Underwriters are Westport Ins. Co., National Union Fire Ins. Co. of Pittsburgh, XL Ins. Co., Liberty Ins. Underwriters, Allianz Ins. Co., Ironshore Ins., MSP, SCOR UK, Zurich North America, HDI-Gerling, Markel, Validus and BH.

they again seek to intervene in this action.

On September 10, 2015, counsel for Buckeye sent the letter and exhibits attached thereto, attached hereto as Exhibit "1", which confirms Certain Underwriters made a payment to plaintiff in the amount of $1 million pursuant to the policy.[2] However, this payment does not fully resolve the loss of business income/business interruption claim asserted by plaintiff. The reason for the delay is that the business income claim cannot be fully and finally resolved until the time that the damaged dock is repaired and restored to service. As Certain Underwriters did not provide property damage insurance to plaintiff and are not involved in the rebuild, they are not in a position to determine when this might occur.

## II.     Permissive Intervention

F.R.C.P. 24(b)(1)(B) governs the Underwriters proposed intervention in this action. The Rule provides that the Court may permit a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." The considerations for determination of whether intervention should be permitted are well-established. As stated by the Third Circuit and this Court, the court should consider (1) if the motion is timely; (2) the common questions of law or fact, *i.e.*, determine that the proposed intervenor has a sufficient interest in the litigation; (3) if the proposed intervenor's interest may be impaired by disposition of the action, and (4) whether the intervenor's interest is adequately represented by an existing party. *In re Fine Paper Antitrust Litigation*, 685 F.2d 810 (1982); *In re Safeguard Scientifics*, 220 F.R.D. 43 (E.D. Pa. 2004); *SmithKline Beecham Corp. v. Geneva Pharmaceuticals, Inc.*, 210

---

[2] A copy of the policy is attached as Exhibit 2.

F.R.D. 547 (E.D. Pa. 2002), *aff'd mem.*, 71 Fed. Appx. 64 (Fed. Cir. 2003).[3]

### A.  Timeliness

The factors governing timeliness include the stage of the proceedings, any prejudice caused by any delay in the intervention, and the reasons for any delay in intervening. Here, there is no delay. Although this action was commenced one year ago – the day after the allision to arrest the ship and prevent the crew from leaving before their testimony was preserved -- the final amount of each party's damages – the plaintiff's for repair of the dock and the Underwriters for loss of business income – cannot be determined until the repairs are complete, and until that time, the matter will not be ripe for settlement discussions or trial.

However, the fact that the damages are not completely certain at this point should not preclude plaintiff or the Underwriters from prosecuting their claims as the issue of liability and the damages incurred to date can be the subject of discovery. Indeed, the liability-creating conduct will not change, and there is no reason that discovery cannot proceed on the issues pertaining to liability.

### B.  Common Interests

The Underwriters have a direct interest in plaintiff's claims as their payment causes their right to subrogation to arise as a matter of law, and as a matter of contract pursuant to the insurance policy. *Levine v. United Healthcare Corp.*, 402 F.3d 156 (3d Cir. 2005). The Underwriters right to subrogation arises once any partial payment is made. *See Hancotte v. Sears, Roebuck & Co.*, 93 F.R.D. 845, 846 (E.D.Pa. 1982) ("It is settled law that an insurer,

---

[3] The jurisdiction of the Court is admiralty, making a determination of whether any of the proposed intervenors would destroy diversity jurisdiction unnecessary.

whether it has paid all of the loss or only part of the loss, is a real party in interest under Rule 17(a)."); *see also Ingram v. DESA,* No. CIV.A 08-1326, 2008 WL 2246428, at*5 (E.D.Pa. May 30, 2008). Further, the rights of the Underwriters' are solely derivative of the rights of plaintiff. In other words, plaintiff and the Underwriters have the same claims against the defendants, albeit each is entitled to different damages both in scope and amount.

Permitting insurers to intervene in actions to enforce their subrogation interests is well established. *See Krueger v. Cartwright,* 996 F.2d 928, 932 (7th Cir. 1993); *Mills v. Tekni-Plex,* 2011 Westlaw 2076469 (N.D. Ohio 2011); *Stutts v. DeDietrich Group,* 2005 Westlaw 3158038 (E.D. N.Y. 2005); *Maricco v. Meco Corp.,* 316 F. Supp.2d 524 (E.D. Mich. 2004). The intervention by maritime insurers is also well-established. *Standard Marine Ins. Co. v. Scottish Metropolitan Assurance Co.,* 283 US. 284, 51 S. Ct. 371, 75 L. Ed. 1037 (1931); *The Nevada,* 106 U.S. 154, 1 S. Ct. 234, 27 L. Ed. 149 (1882); *The Etna,* 138 F.2d 37 (1943). The only significant difference between the Underwriters' claim and that of plaintiff is the amount of damages to be asserted by each.[4]

    C.    <u>Impairment of the Underwriters' Rights</u>

The Underwriters' right to subrogation arises as a matter of law and a matter of contract. This subrogation interest was not asserted in plaintiff's complaint. However, as the Underwriters' rights derive solely from those of Buckeye, any determination of its rights will, of necessity, determine the Underwriters' rights against the defendants. Further, if the Underwriters are not permitted to assert their claims in this action, a separate action could be precluded as it

---

[4] The Underwriters will join in the complaint filed by the plaintiff, and will not contest the dismissal of the parties dismissed by the plaintiff. This will maintain the *status quo* as to the pleadings, and will merely add the Underwriters as plaintiffs.

would split the cause of action, and to the extent that any adjudication would be made of plaintiff's claims prior to an adjudication of the Underwriters' claims, the doctrine of collateral estoppel could apply to preclude or limit the Underwriters' claims.

    D.    <u>Representation By Existing Parties</u>

While the plaintiff has able and experienced counsel, the parties do not now know if the defendants have sufficient means to satisfy all of the claims. The most important consideration here is that during any settlement discussions, the interest of Buckeye and the Underwriters may diverge, and Underwriters must be involved and represented. If sufficient funds are not available to satisfy all claims, there would a clear conflict of interest between plaintiff and the Underwriters. Refusal of this motion to intervene could result in a conflict of interest for plaintiff's counsel.

**III.**    **Conclusion and Relief Requested**

The Underwriters' common, but potentially conflicting, interest with its insured fulfills the requirements that the Underwriters be permitted to intervene as a plaintiffs in this action to enforce their subrogation rights. As the Underwriters' motion is timely, and will not divest the Court of jurisdiction, the Court should permit the Underwriters to intervene.

    Respectfully submitted,

    DUGAN, BRINKMANN MAGINNIS & PACE

By: _____
    Samuel J. Pace, Jr., Esquire

## CERTIFICATE OF SERVICE

I, Samuel J. Pace, Jr., Esq., do hereby certify that a copy of the foregoing was served upon all counsel by first-class mail, postage prepaid this _11_ day of September 2015, addressed as follows:

James J. Quinlan, Esquire
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998

Richard O. Whelan, Esquire
Charles P. Neely, Esquire
Palmer Biezup & Henderson LLP
Suite 401
190 North Independence Mall West
Philadelphia, PA 19106

_____
Samuel J. Pace, Jr., Esquire